256 N.J. Super. 333 (1992)
606 A.2d 1153
ELLEN F. FLACH, PLAINTIFF,
v.
ROBERT P. FLACH, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided March 12, 1992.
*334 Chase & Chase, Marc Chase, Attorney for plaintiff.
Ferro & Ferro, Ralph Ferro, Attorneys for defendant.
KRAFTE, J.S.C.
At this post-judgment plenary hearing, the defendant-ex-husband moved, among other things, for termination of alimony and plaintiff-ex-wife cross-moved for vacation of a post-judgment consent order, which reduced and eliminated certain of defendant's obligations, reinstatement of the original Property Settlement Agreement, arrears and damages.
The core issue to be addressed in this hearing is whether the capital appreciation received by defendant in the sale of a real property asset equitably distributed to him at the time of the divorce in 1978, is to be considered in addressing alimony now. This court finds that it is not.
*335 It is clear and undisputed that by way of equitable distribution, the plaintiff received the marital residence and the defendant received all of his business interests, real and personal. For the purposes of this decision, no other distribution is relevant. The defendant (through his corporation) sold certain business property, and he was compelled to take back a second mortgage of some $400,000.00 which, over a period of time, was paid off, with interest. He contends that a certain portion of each payment constituted return of equitable distribution which cannot be taken into consideration in his termination of alimony application or in plaintiff's claim of fraudulent concealment of income.
The case of Innes v. Innes, 117 N.J. 496, 569 A.2d 770 (1990) is relied upon by defendant. This court finds that such reliance is well placed. Although Innes involved distribution of a pension and annuities, its reasoning pervades equitable distribution generally. The following excerpt from Innes (page 514, 569 A.2d 770) is a distillation of its ruling:
"Hence, we hold that payments generated by pension benefits that had been previously equitably distributed are not income for purposes of alimony modification. Further, we hold that annuity payments purchased with the proceeds of an equitable distribution award also are not "income" for that purpose to the extent that they reflect return of the principal as opposed to income generated by the principal." (underscoring mine)
It is clear that the Legislature, by enacting the "pension" amendment to N.J.S.A. 2A:34-23, eliminated "double-dipping" for retirement benefits.[1] It is equally clear that the Innes court expanded upon the "double-dipping" concept by its holding, above, that annuities purchased with equitable distribution proceeds are likewise immune, to the extent of return of principal, even though there be no legislation specifically addressed to annuities.
*336 This court will take both of these factors to their logical conclusion by stating that "Innes" should be read for its conceptual ruling as well as its specific rulings, i.e., retirement benefits and annuities. Therefore, this court holds that, on an alimony modification application, all previously equitably distributed assets and all assets acquired with, by or through equitably distributed assets, when repaid, are not to be deemed to be income for the purpose of determining alimony, as that is actually the return of principal, although all income generated by that principal is to be considered.
This court specifically finds that the portion of the monthly payments made to defendant by the purchaser of his property which constitutes return of his principal or actual capital gain will not be considered as "income" for either alimony modification or for plaintiff's claim that defendant fraudulently withheld disclosure of this cash flow. This court further finds that all monthly interest so paid is subject to such consideration.
NOTES
[1] When a share of a retirement benefit is treated as an asset for purposes of equitable distribution, the court shall not consider income generated thereafter by that share for purposes of determining alimony. N.J.S.A. 2A:34-23.